## STOTT v. CHAMBERLAIN.

Under Rev. Civ. Code, § 1283, authorizing the rescission of written contracts by the consent of all the parties, and section 1287, authorizing their alteration by a contract or an executed oral agreement, a written lease may be rescinded by a written notice by the lessee of its termination and the acceptance by the lessor of the surrender.

Under an answer, in an action for rent, alleging that plaintiffs' acts compelled defendant to abandon the lease, and they consented to the rescission and abandonment and occupied the premises for their own use, evidence of a written notice by the lessee of intention

to terminate the lease at a certain date, and of the lessor's accept-
ance thereof, was admissible, in the absence of a motion to make the
answer more definite and certain, as authorized by Rev. Code Civ.
Proc. § 137.

In an action for rent, whether the lessors took possession of the
premises on their surrender by the lessee was, on conflicting evidence,
a question for the jury.

(Opinion filed, January 7, 1908.)

Appeal from Circuit Court, Day County. Hon. J. H. Mc-
Coy, Judge.

Action by Enoch Stott, surviving partner of Stott & Son, as
substituted plaintiff, against H. S. Chamberlain. From a judg-
ment for plaintiff, and order denying a new trial defendant ap-
peals. Reversed.

*Byran & Coffman* and *Anderson & Waddel,* for appellant.

Unless shown to have been written with a different intendment
the language used in a contract should have the ordinary construc-
tion put upon it. That is the words used be taken in their ordinary
sense. Bullock v. Consumers Lbr. Co., Cal. 31 Pac. 367; Dona-
ghue v. McNulty, 24 Cal. 411; Potter v. Phoenix Ins. Co., 63
Fed. 382, 9 Cyc. 784; Fairbanks v. Jacobs, 28 N. W. 602. The
evidence offered on the part of the defendant tends to prove that
there had been such an increase in the capacity of the factory
and that because of this increase of capacity there was more
noise, more dirt and more lint than there was at the time de-
fendant took possession of the premises and signed the lease thereto.
to. This question should have been submitted to the jury that
they might determine, as a question of fact, whether or not there
had been such increase and if so whether the defendant was
damaged thereby and if damaged, to what extent. Heather v.
Pardon, 37 L. T. M. S. 303; Minneapolis Co. Op. Co. v. William-
son, 52 N. W. 986. The defendant's plea that he had surrendered
the premises to the plaintiff and they accepted possession thereof,
was good defence to the action, and the evidence tending to prove
this allegation should have been submitted to the jury. Minne-
apolis Co-operative Co. v. Williamson, 52 N. W. 986

*Sears & Potter,* for respondent.

Where a tenant seeks to avail himself of the failure of the

landlord to keep the premises tenantable he must act promptly, and his action must be based upon the right accruing to him from such failure. Am. & Enc. L., 2d Ed. 479. The defendant should have notified the plaintiff of any alleged failure to repair the premises, and if the plaintiff failed to repair, then the defendant, under this statute, should have made the repairs himself and deducted the expense of said repairs from the rent, or he might have vacated the premises. 1434 Civil Code. Profits in proper cases are recoverable when they are capable of being ascertained and made the basis of an intelligent verdict. Cramer v. Kohn, 7 S. D. 247.

CORSON, J. This is an appeal from the judgment on a directed verdict, entered in favor of the plaintiff and against the defendant. The second cause of action, the only one necessary to be referred to in this opinion, was to recover of the defendant the sum of $400, alleged to be due plaintiff's for rent of certain premises situated in the city of Winona, Minn., leased by the plaintiffs to the defendant on the 12th day of August, 1903, for a term of three years, at the monthly rent of $50 per month. The defendant filed an answer setting up a number of defenses to the action, but in the view we take of this case it will only be necessary to refer to the following: "Thereafter, by reason of the unlawful and wrongful conduct and action of the plaintiffs and their agents and employees, the defendant was compelled to and did sell out and abandon his business, and was compelled to and did give up and abandon his said lease, and the occupancy of said store." And the defendant, as a separate defense and counterclaim, alleges "that after said defendant has rescinded said lease, and abandoned and vacated said building, the plaintiffs consented to said rescission and abandonment, and moved in and occupied and used said premises for their own purpose and benefit, and have ever since and still do use the same." It is disclosed by uncontradicted evidence that on the 12th day of August, 1903, the defendant leased of the plaintiffs the main floor of a building in Winona for the purpose of a retail hardware store, entered into possession and occupied the same until August, 1904, at which time he made a sale of his stock of hardware and sublet the said premises to a

third party for a period of two months; that he paid rent until the 12th day of December, 1904; and that the plaintiffs by means of a judgment obtained against defendant received rent from that date to the 12th day of March, 1905. And it seems to be conceded that at the time this action was instituted there was only five months' rent due under and by the terms of said lease.

On the trial the defendant, to support his defense of the rescission of the contract, read in evidence a deposition of one N. K. Weby, the material part of which as to the rescission of the lease is as follows: "I live at 211 East Third street, Winona. I am 28 years old. I know H. S. Chamberlain, the defendant, and also Thomas Stott and Enoch Stott, the plaintiffs in this action. I have known the defendant for 3 years, and have known the plaintiffs for 15 years. The paper marked 'Defendant's Exhibit A' I have seen before, and I served that notice on Mr. Stott at his residence in Winona on the 13th day of February, 1905, by reading to him the notice. I also read him a copy of this notice, When I read the notice, I merely stated to him that I had done what I was ordered to do, and that was all I could do, and he said: 'I could hardly blame the man for wanting to get rid of the lease. He could not make a living.'" On cross-examination the witness testified as follows: "Q. What did you say to Mr. Stott when you took this notice, Exhibit A, to him? A. I said Mr. Stott that I had a notice here to read him. So I read him the notice, and gave him a copy, and after giving him the copy, I spoke about the keys. I told him that Ed had the keys, and asked him whether or not I should get the key and hand it over to him in person, or whether it would be all right that Ed had the keys and consider it turned over to him, and he said, 'Yes.'" Exhibit A, attached to the deposition, was then offered in evidence, and reads as follows: "Messrs. Stott & Son, St. Paul, Minn. Feb. 13, 1905. 220 and 222 East Third St., Winona.— Gentlemen: You will please to take notice that on the twelfth day of March next and thirty days after this date, which will be at the end of the current month, I will terminate my occupancy of the store building in the city of Winona, Minn., known as 220 and 222 East Third street, and owned by you, and will on said

date vacate and abandon said premises, and you will be at liberty to take possession thereof. Yours truly, H. S. Chamberlain, by Ashley Coffman, Agent." This exhibit was objected to by counsel for plaintiff on the following grounds, among others: That the writing itself does not purport to be an effort or attempt to rescind the lease; that there is no foundation laid for any right to rescind; that it was irrelevant under the pleadings, there being in the pleadings no claim whatever that there was a rescission by consent or abandonment by the defendant and the acceptance of such abandonment by the plaintiff. This objection was sustained, and an exception duly taken.

It is contended by the appellant that the court, in excluding Exhibit A, committed reversible error; that it was shown by that exhibit that the defendant gave the plaintiff notice that on the 12th day of March he would terminate his occupancy of the premises and would on said date vacate and abandon the same, and that the plaintiffs thereafter would be at liberty to take possession thereof, and that upon the evidence of Weiby, if believed by the jury, they would have been justified in finding a verdict in favor of the defendant. We are of the opinion that the counsel for the defendant are right in their contention. It does appear from the testimony of Weiby that any objection was made to the defendant's surrendering up the premises, or to the acceptance of such surrendering of the same by the plaintiffs. Notwithstanding the lease was in writing it was competent for the parties, by an executed oral agreement, to contract for a rescission or termination of the lease by an oral agreement. Section 1283 of the Revised Civil Code provides: "A party to a contract may rescind the same in the following cases only, * * * (5) by consent of all the other parties," and by section 1287 it is provided that "a contract in writing may be altered by a contract in writing or by an executed oral agreement and not otherwise." The proposition made by the defendant in Exhibit A, and accepted by the plaintiffs without objection, constituted an executed contract within the meaning of the above section. Minneapolis Co-operative Company v. Williamson, 51 Minn. 53, 52 N. W. 986. In this case the Supreme Court of Minnesota, in speaking of the rescission of a

contract of lease, uses the following language: "The plaintiff was not entitled to judgment on the pleadings. It may be conceded that the answer, in effect, admitted that the continued tenancy after the first year besame a tenancy from year to year, so that the defendant could not terminate it, at his mere election, before the end of the year. But it was well averred, and constituted a defense that he surrendered the possession to the plaintiff on · the 28th of February, 1891, and that the latter accepted the same." The objection of the plaintiffs to the introduction of Exhibit A that no such defense was pleaded in defendant's answer cannot be sustained. As will be observed, the answer distinctly alleges that by reason of the plaintiffs' acts the defendant was compelled to and did give up and abandon said lease, and it is further alleged in the answer "that after said defendant had rescinded said lease, and abandoned and vacated said building, the plaintiffs consented to said rescission and abandonment, and moved in and occupied and used said premises for their own purpose and benefit, and have ever since and still do use the same." While the answer is not as carefully drawn perhaps as it should have been, it contains sufficient to advise the plaintiffs of the nature of defendant's defense, and if they required any more specific or certain allegations upon the subject, they should have made a motion to make the answer more "definite and certain by amendment." Section 137, Rev. Code Civ. Proc..

There was some conflict in the evidence as to whether or not the plaintiffs took possession and actually occupied the premises after the 12th of March, but that was clearly a question for the jury, and not for the court.

We have not deemed it necessary in this opinion to consider the other errors assigned, many of which were discussed by the counsel in their briefs, as these questions may not arise upon another trial. Hence we express no opinion in regard to them. In our view of the case, it was not material whether or not the defendant had good reasons for rescinding the contract of lease for the reason that if it was rescinded by the consent of the parties the rescission was valid independently of any grounds for such rescission.

The error of the court in excluding Exhibit A, and in directing a verdict in favor of the plaintiffs, constituted reversible error, and the judgment of the circuit court, and order denying a new trial, are reversed.